UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW CHITWOOD,<br><br>  Defendant. | CIVIL ACTION NO.<br>4:10-cr-00029-JPB |

### **ORDER**

This matter is before the Court on Defendant Andrew Chitwood's ("Chitwood") Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 97) ("Motion"). Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

In April 2011, Chitwood was sentenced to serve 188 months in prison for an attempt to distribute methamphetamine to an informant. He has served more than eighty percent of his sentence.

Chitwood now seeks early release from prison on the grounds that "[t]he significant health risks associated with [his] obesity," which is a strong risk factor for COVID-19, and "a material change in the [current] Sentencing Guidelines"

demonstrate extraordinary and compelling reasons for relief pursuant to § 3582(c)(1)(A).  The Government did not file an opposition to the Motion.

Under the First Step Act of 2018, a motion for compassionate release from prison may be filed directly with a district court on the earlier of thirty days after a prisoner makes a request to the warden of his facility for such release or when he has exhausted all administrative remedies related to the warden's failure to bring such a motion on his behalf.  *See* § 3582(c)(1)(A).  The court is authorized to reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction;" "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable;" and provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id*.

The relevant policy statement issued by the Sentencing Commission defines an "extraordinary and compelling" circumstance as:  (1) a defendant who suffers from a terminal illness; (2) a defendant who suffers from a serious physical or medical condition, a serious functional or cognitive impairment or who is experiencing deteriorating physical or mental health because of the aging process, which substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to

recover; (3) a defendant who is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process and has served at least ten years or seventy-five percent of his term of imprisonment, whichever is less; (4) the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or partner where the defendant would be the only available caregiver for the spouse or partner; and (5) other reasons as determined by the Director of the Bureau of Prisons.  U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2006).

In *United States v. Bryant*, the Eleventh Circuit Court of Appeals recently held that United States Sentencing Guideline "1B1.13 . . . governs all motions under Section 3582(c)(1)(A)" and that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021).[1]  In other words, this Court is bound by the definition of "extraordinary and compelling" set forth in the Sentencing Guidelines and does not have discretion to consider other factors or definitions.

---

[1] This case is designated for publication, but the reporter citation is not yet available.

Applying the holding of *Bryant* here,[2] the Court finds that Chitwood is not eligible for relief because he has not demonstrated (or even argued) that the facts of his case satisfy the definition of "extraordinary and compelling" under § 1B1.13.[3]  For example, he has not shown that he has a terminal illness or a serious physical or medical condition that has substantially diminished his ability to provide self-care within the environment of a correctional facility.  Nor has he shown that he is sixty-five years old, has served at least ten years or seventy-five percent of his prison term and suffers from a serious deterioration in physical or mental health.  He also has not shown that release is necessary to allow him to care for a minor child or partner.

Accordingly, Chitwood's Motion (ECF No. 97) is **DENIED**.  Because the instant Motion was filed prior to *Bryant*, the Court will permit Chitwood to file a new motion for relief to the extent facts not presently before the Court exist that would change the analysis under *Bryant*.[4]

---

[2] The Court has jurisdiction to consider this Motion because Chitwood has exhausted his administrative remedies, including by filing an administrative appeal of the Bureau of Prison's denial of his application for compassionate release.

[3] The Court recognizes that numerous opinions decided prior to *Bryant* considered factors other than those described in the Sentencing Guidelines.  However, *Bryant* is now the authority on the proper analysis of a motion brought under § 3582(c)(1)(A), and the Court is bound by it.

[4] The Court reminds counsel to adhere to the applicable page limit in any future filings or seek leave before filing excess pages.

**SO ORDERED** this 14th day of May, 2021.

J. P. BOULEE
United States District Judge